FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STANLEY A.,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]

    Defendant.

No. 2:19-CV-00141-RHW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**(ECF Nos. 11, 12)**

Before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment. ECF Nos. 11, 12. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), she is automatically substituted as the Defendant.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 1**

Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## I.  JURISDICTION

Plaintiff filed his application for Disability Insurance Benefits on October 17, 2016 claiming he became unable to work because of his disabling condition on July 1, 2016. AR 201. He also filed for Supplemental Security Income Benefits on January 24, 2017 alleging a disability onset date of October 1, 2011. AR 203–04. These claims were initially denied on February 8, 2017 and denied upon reconsideration on May 16, 2017. AR 96, 107, 139, 143.

Following Plaintiff's administrative hearing, Administrative Law Judge ("ALJ") M. Scott Kidd issued a decision on April 30, 2018 finding Plaintiff ineligible for disability benefits. AR 15–26. The Appeals Council of the Social Security Administration denied Plaintiff's request for review on February 27, 2019. AR 1–3. Plaintiff, through counsel, sought judicial review by this Court on May 2, 2019. ECF No. 1, at 1–3. Under 42 U.S.C. § 405(g), Plaintiff's claims are properly before this Court.

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 2**

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b). If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.

At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 3**

At step three, the Commissioner compares the claimant's impairments to those impairments, or listings,[2] identified in the regulations as so severe that they preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated listings, the Commissioner must find the claimant is disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations. 20 C.F.R. § 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national

---

[2] The listings can be found in 20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1.

economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and he or she is entitled to benefits. 20 C.F.R. § 416.920(g)(1).

In steps one through four, the burden of proof is carried by the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388–89 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under Section 405(g) is limited, and

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**
~ 5

the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 6**

The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff filed a Title II application for disability and disability insurance benefits, and a Title XVI application for supplemental security income. AR 15. For purposes of this appeal, the court treats the alleged date of disability for both claims as July 1, 2016.[3]  Plaintiff was 38 years old on the alleged disability onset date. AR 24. He has at least a high school education and is able to communicate in English. *Id.* Plaintiff has past relevant work as a data entry clerk and a janitor. *Id.* He is 5'9" tall and weighs approximately 260 pounds. AR 345.

The ALJ found that Plaintiff has the severe impairments of reactive airways disease, asthma, and obesity. AR 18. The ALJ found that the combination of Plaintiff's impairments did not meet or equal any listing. *Id.* The ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, except "[h]e should avoid concentrated exposure to temperature

---

[3] In the supplemental security income claim, the alleged date of disability is October 1, 2011, AR 203–04, but the ALJ stated the alleged disability date was July 1, 2016 for both claims, AR 15, and Plaintiff confirms this date in his motion for summary judgment. ECF No. 11, at 2.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 7**

extremes, wetness, humidity and hazards, and even moderate exposure to fumes, odors, dusts, gases, and poor ventilation." *Id.* The ALJ found that Plaintiff was able to perform past relevant work as a data entry clerk and janitor, and he could also perform the jobs of industrial cleaner and housekeeper; therefore, he was not disabled. AR 24–26. Plaintiff has one daughter, and he cares for her 50% of the time. AR 65–66. His daughter has a disability which causes seizures, and she requires constant care and supervision. *Id.*

Plaintiff claims that when he is exposed to "fragrant personal care products," cigarette smoke, and cleaning products, he experiences unbearable pain (in his joints and skin), cognitive difficulties, and fatigue. AR 73, 80, 291. Plaintiff's symptom reports rely on his own testimony and the reports of his treating physician, Dr. Phillip Ranheim. *See* AR 20. Dr. Ranheim's office is in the Seattle area, approximately five hours by car from where Plaintiff lives in Spokane. AR 76–77. Although Dr. Ranheim has examined Plaintiff in person, most of their contact occurs telephonically. AR 20; AR 355–59 (noting four phone call visits and two in-person visits).

## V. THE ALJ'S FINDINGS

At **step one**, the ALJ found that Plaintiff meets the insured status requirements of the Act through December 31, 2019, and that he has not engaged in substantial gainful activity since the alleged disability onset date. AR 18.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 8**

At **step two**, the ALJ found that Plaintiff has the following severe impairments: reactive airways disease, asthma, and obesity. *Id.*

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equals the severity of the listed impairments in 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 1. *Id.* No treating or examining physician has found the claimant to have a listing level impairment, and medical expert Arnold Ostrow, M.D., reviewed the medical record and found that Plaintiff's impairments do not meet or equal one of the listed impairments. *Id.*

At **step four**, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels, except "[h]e should avoid concentrated exposure to temperature extremes, wetness, humidity and hazards, and [avoid] even moderate exposure to fumes, odors, dusts, gases and poor ventilation." *Id.* The ALJ found that Plaintiff is capable of performing past relevant work as a data entry clerk and janitor. AR 24.

Although the ALJ was not required to proceed to **step five** after finding that Plaintiff was not disabled, the ALJ alternatively determined that in light of Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that he can perform. AR 24–26. These

**ORDER GRANTING DEFENDANT'S  
MOTION FOR SUMMARY JUDGMENT**  
~ 9

include the jobs of industrial cleaner and housekeeper under the Dictionary of Occupational Titles (DOT). *Id.*

Accordingly, the ALJ concluded that Plaintiff has not been under a disability for the relevant period.

## VI.  ISSUES FOR REVIEW

1. Did the ALJ improperly weigh the evidence of Philip Ranheim, M.D. and Jeffrey Jamison, D.O.?

2. Did the ALJ fail to provide specific, clear, and convincing reasons for discrediting Plaintiff's testimony?

3. Did the ALJ fail to provide germane reasons for discounting the lay witness testimony?

4. Did the ALJ err in assessing Plaintiff's RFC, and subsequently finding that he could perform his past relevant work and other jobs in the national economy?

## VII.  DISCUSSION

1. <u>The ALJ's weighing of Dr. Ranheim's and Dr. Jamison's opinion evidence is supported by substantial evidence in the record.</u>

The ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Where a doctor's opinion "is contradicted by another doctor's opinion," an ALJ may reject it by providing "specific and legitimate reasons." *Id*. Even if an opinion is uncontradicted, the ALJ may reject it by giving clear and convincing reasons for doing so. *Id*.

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**
~ 10

The ALJ detailed the findings of Dr. Ranheim, Plaintiff's treating physician, and found that Plaintiff only submitted a small number of medical records related to such visits. AR 20. The ALJ noted that many fragrances would set off Plaintiff's respiratory symptoms and that Plaintiff reports symptoms of severe pain, headache, lethargy, muscle twitching and achiness, asthma, impaired executive function, and the newest symptom of diarrhea. AR 20. When Dr. Ranheim examined Plaintiff on two occasions, Plaintiff reported having reacted to a chemical exposure when he took his daughter to the Children's Hospital. *Id.*; AR 357–58.

However, the ALJ noted that "despite the claimed exposure both exams of the claimant were normal, with the claimant's oxygen saturation at 98%." AR 20; *see also* AR 357.  Then, the ALJ stated that "[a]lthough the claimant testified he is down for weeks after exposure, no exam has ever shown evidence of decreased lung capacity/volume . . . ." AR 20. In addition, the ALJ noted that the record did not show that Plaintiff had sought immediate medical attention in the last several years for respiratory problems. *Id.*

The ALJ did not err in the weight he gave to Dr. Ranheim's opinion evidence. The ALJ correctly noted that Dr. Ranheim's contacts with Plaintiff were mostly by phone and that the only evidence of respiratory reactions was from self-reporting. AR 20; AR 355–59. Similarly, the ALJ did not err by stating that some doctors may express an opinion in an effort to assist a patient with whom she

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 11**

sympathizes. AR 22. The ALJ did not base his evaluation of Dr. Ranheim's opinion solely on this comment, instead, the ALJ concluded that Dr. Ranheim's opinion that Plaintiff could not work was not supported by the objective medical evidence.

Next, Plaintiff claims the ALJ erred in evaluating Dr. Jamison's testimony. ECF No. 11, at 11–12. Dr. Jamison diagnosed Plaintiff with Reactive Airway Disease, secondary to toxic fume exposure. AR 349. Dr. Jamison opined that "[Plaintiff] has significant environmental allergies. Perfumes, fumes, smoke, any volatile aromatic substances will set him off. This will restrict him to [a] very narrow amount of opportunity to work." AR 348. The ALJ gave Dr. Jamison's opinion "some weight" because the opinion failed to describe what was meant by "narrow amount." AR 22. Dr. Jamison found that Plaintiff had no exertional limitations and that he had the ability to perform either sedentary or ambulatory work. AR 348. The only limitation was his "environmental allergies." *Id.* The ALJ did not err in giving Dr. Jamison's opinion only "some weight." Because the ALJ did not completely reject Dr. Jamison's testimony, he was not required to give clear and convincing reasons for the weight he afforded such testimony. Accordingly, the ALJ properly considered Dr. Jamison's opinion in his evaluation of Plaintiff's ability to work.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 12**

2. <u>The ALJ provided specific, clear, and convincing reasons for not relying on Plaintiff's self-reported claim that he could not work.</u>

The ALJ must consider whether there are any conflicts between the claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). In the Ninth Circuit, an ALJ may reject a claimant's symptom allegations either by identifying evidence of malingering or by providing clear and convincing reasons to do so. *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). An ALJ may discount a claimant's allegations by pointing to "contradictions in the claimant's own testimony about his activities of daily living." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Here, the ALJ identified clear and convincing reasons why Plaintiff's self-reported symptoms were not entirely consistent with the objective medical evidence. *See* AR 19–20. The ALJ stated: "The claimant is alleging a complete inability to work, but his activities and the medical reports overall do not indicate that is the case." AR 20. Importantly, the ALJ noted that Plaintiff's description of his daily activities, including caring for his disabled daughter 50% of the time, was not consistent with his own complaints of disability. AR 21. The ALJ noted that by Plaintiff's own admission, he is able to cook, shop, do laundry, clean, drive, and care for his daughter as a single parent—tasks that require many of the same skills as full-time work. *Id.* Next, consultative examiner Joyce Everhart, Ph.D.,

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 13**

performed testing on Plaintiff and found that he had no difficulty with executive function or memory, and no mental diagnoses. AR 340–42. Based on the mental status examination, Dr. Everhart opined that Plaintiff's attention, concentration, and intellectual ability were within normal limits. AR 342.

The ALJ resolves issues of credibility, and if the ALJ's finding is supported by substantial evidence, this Court may not second-guess the ALJ. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In the present case, Plaintiff cannot point to evidence that the ALJ overlooked or failed to consider. The ALJ properly concluded that the objective evidence contradicted Plaintiff's claims that he was unable to work. Plaintiff acknowledged that he was able to care for his disabled daughter and to conduct day-to-day activities. This finding was corroborated by Dr. Everhart who found that his mental functioning was within normal limits. Based on the reasons provided, the ALJ did not err in finding that Plaintiff's subjective complaints were not consistent with the objective evidence.

3. <u>The ALJ provided germane reasons to discount the lay opinion testimony.</u>

Plaintiff contends that the ALJ failed to give germane reasons for rejecting the lay opinion testimony of Pammela Harmon, Ph.D. (Plaintiff's mother), Dana Harmon, Ph.D. (Plaintiff's stepfather), and Erin Brower (the caregiver for Plaintiff's daughter). Plaintiff acknowledges that the ALJ stated that he considered the statements of these lay witnesses but gave them only some or little weight. ECF

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 14

1   No. 11, at 16; AR 23–24.  Plaintiff contends that the ALJ failed to give germane

2   reasons for discounting these "independent observations" by the lay witnesses.

3   This argument fails.

4       "An ALJ need only give germane reasons for discrediting the testimony of

5   lay witnesses." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

6       The ALJ discounted Dr. Dana Harmon's report because such report

7   acknowledged that many of his answers were based on what the Plaintiff had told

8   him. AR 23–24. The ALJ detailed Plaintiff's mother's statement, but discounted it

9   for the same reason—"Ms. Harmon admitted she based her answers on the

10  claimant's reports rather than personal observations." AR 24. Because Plaintiff's

11  self-reported symptoms were found to be inconsistent with the objective evidence,

12  the ALJ properly gave these lay opinions little weight. Lastly, the ALJ

13  acknowledged the statement of Ms. Brower, but gave it only "some weight"

14  because she did not describe how Plaintiff's adverse reactions affected the

15  Plaintiff's ability to work. AR 23. The ALJ did not fail to consider the lay

16  testimony of these individuals, and the ALJ properly explained why the opinions

17  were given less weight.

18      4. <u>The ALJ did not err in the RFC assessment.</u>

19      Plaintiff argues that the ALJ erred in the RFC determination, specifically by

20  not considering Plaintiff's limitation that he is unable to leave his home to avoid

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**
**~ 15**

exposure to allergens. This Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. A claimant does not establish that the ALJ's step five determination was incorrect simply by restating his argument that the ALJ's RFC assessment did not account for all alleged limitations or those described by medical opinions. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). As noted above, the ALJ's weighing of the medical opinion and lay witness evidence was supported by substantial evidence. In concluding that Plaintiff could engage in past relevant work, the ALJ was persuaded by vocational expert Kimberly Mullinax's testimony that the jobs of data entry clerk and janitor would not expose the Plaintiff more than moderately to pulmonary irritants. AR 24.

For the reasons set forth above, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 11, and Grants Defendant's Motion for Summary Judgment, ECF No. 12.[4]

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

---

[4] Because Plaintiff has not prevailed on the substance of his motion, the Court also denies Plaintiff's request to remand for an award of benefits.

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 16**

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 26th day of August, 2021.

<i>s/Robert H. Whaley</i><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
~ 17**